LONEY *vs.* HIGH.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The privilege given to persons desirous of building houses contiguous to those of their neighbors, and for that purpose to demolish and rebuild the walls of the latter, is one which cannot be exercised with too much care and attention. If any neglect ensues, the party is liable in damages.

In cases where it is difficult to assess the damages sustained by the party complaining, those given by the jury, even *when high,* will be sanctioned, rather than expose the parties to the expense and vexation of further litigation.

This is an action for damages alleged to be occasioned by the defendant in demolishing the walls and chimneys of the plaintiff's house, and building a privy over the line between them.

The plaintiff alleges that the defendant, in the months of April and May, 1835, erected a brick building, two stories high, with kitchen, privies, etc., adjoining him on Rampart street, New-Orleans; that he used his wall for the first story and ordered all above to be demolished, together with the chimneys, without his consent, and left his house exposed to the inclemency of the weather; that when the wall was raised to the height of petitioner's house, the defendant neglected to make the necessary repairs to his roof, which had been much injured by demolishing the wall, or to rebuild his chimneys. This, together with other injuries, have caused him damage to the amount of one thousand dollars, besides forty dollars he had actually to pay in repairs, to enable him and his family to live in his house. He prays judgment for his damages and money expended for repairs, and that the defendant be condemned to demolish and remove his privies, which he caused, illegally, to be built over his line, etc.

The defendant admitted the erection of his building contiguous to that of the plaintiff, and in doing so, found it necessary to uncover and remove a portion of the roof of his house, but avers he was ready and offered to repair it imme-

diately, for which he had his workmen and materials ready, and was prevented by the plaintiff from doing so ; he avers that his privies are built and constructed according to law, and, also, that he is in no manner liable to the plaintiff in damages ; but on the contrary, he avers that Loney has thrown various impediments in his way in erecting his building, and caused him damage to the amount of five hundred dollars, for which he prays judgment in reconvention.

Upon these pleadings and issues, the cause was tried before the court and a jury.

Several witnesses were called on both sides, and the testimony was voluminous and contradictory in many particulars; after hearing the parties and arguments of counsel, and receiving a charge from the judge presiding, the jury came to the conclusion that the plaintiff had suffered damage in consequence of the neglect and some illegal acts of the defendant. They returned the following sealed verdict :

" The jury find for the plaintiff, with damages amounting to six hundred and sixty-seven dollars ; the flues of the privies to be demolished from the partition wall, and the privies placed according to law."

The defendant prayed for a new trial, on the following grounds :

1. The verdict and judgment are contrary to law and evidence.

2. That no specific damages were proved, and the jury should not have awarded any.

3. If any damages had been proved, the judgment grants more than had been established.

4. The evidence shows that if the plaintiff suffered damage, it was in consequence of his refusal to permit the defendant to repair his roof.

5. There is no evidence that the privies are not built according to law.

The court refused, after hearing the parties, to grant a new trial ; and from judgment confirming the verdict, the defendant appealed.

*Roselius,* for the plaintiff, urged the affirmance of the judg- <span style="float:right">EASTERN DIST.</span>
ment, as it was supported by the evidence of the case. There *April,* 1839.
were no points or principles of law involved, and the only
questions were of fact alone, which the jury properly
decided.

LONEY
*vs.*
HIGH.

*Schmidt,* for the defendant.

*Martin, J.,* delivered the opinion of the court.

The plaintiff complains, that the defendant, owner of a
lot contiguous to his, demolished part of the wall of the
plaintiff's house, in order to rebuild more strongly, and raise
it to a greater height. The house which the defendant
intended to build, adjoining to the plaintiff's, being much
larger and higher, and that the work was done in a manner
so careless and improvident, that the inside of the plaintiff's
house was for several days exposed to the weather, which
was so inclement that it was filled with water, a considerable
part of his furniture injured, and his family much distressed.
The general issue was pleaded, and he had a verdict and
judgment for six hundred and sixty-seven dollars, and the
defendant appealed, after an unsuccessful attempt to obtain
a new trial.

There was a bill of exceptions to the reading of a depo-
sition objected to on the ground of the insufficiency of
the notice given to the defendant. We have not acted on
it, because it has appeared to us that the case could well be
considered without taking into view that deposition.

The privilege which is given to persons desirous of build-
ing houses contiguous to those of their neighbors, and for that
purpose to demolish and rebuild the walls of the latter, is one
which cannot be exercised with too much care and atten-
tion, and which, even when so exercised, is productive of
great inconvenience and trouble to the owners of houses
whose walls are thus demolished. The testimony in the
present case is somewhat contradictory; but it appears
beyond doubt, that the defendant neglected the ordinary pre-
caution to stop, with planks, the openings left by the demo-
lition of the wall, so as to protect the inside of the house

The privilege given to persons desirous of building houses contiguous to those of their neighbors, and for that purpose to demolish and rebuild the walls of the latter, is one which cannot be exercised with too much care and attention. If any negligence ensues, the party is liable in damages.

35     VOL. XIII.

EASTERN DIST. *April*, 1839.

from the weather, while the wall was demolished, and until it was completely rebuilt. It appears that the inside of the plaintiff's house was, for a considerable time exposed; and for some time to a storm and rain; so that the family was compelled to seek refuge in the kitchen, at a time when the plaintiff's wife was sick. That the furniture was much injured by the rain. In a case like the present, it is extremely difficult to assess the sufferer's damage, with any degree of correctness or precision; and those given by the jury in the present case, have appeared to us very high; but we have felt great reluctance to expose the parties to the trouble and expense of farther litigation, by remanding the case for a new trial. In acting on it, we have found ourselves without any certain criterion; therefore, have been compelled to coincide with the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.