LANDRY v. CHECKER CAB CO., INC.

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

Elias Bowsky, of New Orleans, attorney for plaintiffs, appellees.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Mrs. Alexander Landry, one of the plaintiffs in this case, was injured as a result of being knocked down by a Checker Cab owned by defendant company. She sues for $10,050.00. She is joined by her husband, Alexander Landry, who sues for $340.80, the expense incurred by him as a result of the injury to his wife. There was judgment below in favor of the husband as prayed for, and in favor of the wife, in the sum of $1,550.00. Defendant has appealed.

The accident occurred about 5:00 p. m., January 18, 1928, at the corner of Broad and Bayou Road. The plaintiff, who was accompanied by two small children, was standing on the sidewalk at the intersection awaiting an opportunity to cross the street, which was very much congested

with a double line of automobiles at the time. While traffic was momentarily stopped, Mrs. Landry and her two children proceeded across the roadway, having been invited to do so by the driver of an automobile, whose car was in the lead of the line of cars. Before she could clear the roadway, defendant's taxicab, which had darted from behind the leading automobile, ran into her and knocked her down, causing the injuries she complains of. The children succeeded in crossing in safety, having been pushed to one side by Mrs. Landry as she fell.

The taxicab driver, disclaiming all responsibility for the accident, testified that he was driving very slowly in very heavy traffic, the point of the accident being adjacent to the Fair Grounds Race Track, and the races being just over, the road was congested with vehicles, conveying patrons of the race track to their homes. He claims the accident to have been unavoidable and due to the fact that Mrs. Landry suddenly darted across his path in pursuit of the two children, who had broken away from her. He admits, however, that he first saw her about eight or ten feet in front of him.

The trial judge was of opinion that the testimony of the taxicab driver was sufficient in itself to establish his responsibility for the accident. In his reasons for judgment the judge, a quo, points out that, accepting the chauffeur's statement as to his speed and as to the time when he first saw Mrs. Landry, there was no good excuse for his failure to stop his taxicab without striking her, since, at a speed of eight miles an hour, he should have been able to bring his cab to a stop within the distance of eight feet.

We entertain the same opinion. We also agree with the judge below in his appreciation of the credit to be given the driver's testimony, which he considered unreliable. At the time of the accident his cab was occupied by six persons, three of whom testify that just previous to his running into Mrs. Landry he had collided with another taxicab, and that he had been twice warned by his passengers about his reckless driving, all of which he denied. His rushing ahead of the car in front of this line was inexcusable in view of the traffic conditions and his conduct in this regard consistent with the previous recklessness, with which he is charged. We are convinced that the cab was being operated in a careless manner and that the defendant's liability has been established.

As to the expenses claimed by Mr. Landry as head of the community, they have been proven and are not disputed.

Mrs. Landry's principal injury consisted in the loss of three front teeth. She also suffered a laceration of her nose, which left a scar. She was bruised about the body and experienced a certain amount of shock and suffered considerably. The amount awarded by the judgment does not to us appear excessive.

For the reasons assigned, the judgment appealed from is affirmed.