## No. 13,347

### Orleans

### ESCALANTE v. RICHARD

(November 3, 1930. Opinion and Decree.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor, Wm. H. Sellers, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This is an appeal by defendant from a judgment based on a jury verdict in favor of plaintiff for personal injuries, loss of earnings, and medical and hospital expenses. Counsel for defendant, appellant, admits liability for such injuries, losses and expenses as were actually sustained, but contends that the award of the jury was much in excess of what should have been allowed.

The verdict was for $6,013, of which $5,000 was for physical injuries and the balance $1,013 for expenses, loss of earnings, etc.

So far as the expenses, etc., are concerned, we are unable to find any error in the jury's award. According to the uncontradicted testimony, plaintiff had been earning $40 per week prior to the accident and was prevented for a period of sixteen weeks from following her customary occupation, that of cigar classer and wrapper. It may be, as contended by counsel, that she could have returned to work somewhat earlier than she did, but there is no evidence in the record which would justify us in so finding.

On the other hand, it appears to us that the amount awarded for physical injuries, suffering, etc., is grossly excessive. The injuries are not permanent. The young lady sustained rather severe cuts on her scalp, but these are now covered with hair and cannot be seen and, in fact, could only be located by her own physician who knew where they were. A scar about two inches in length on her arm, a few inches above the elbow, will probably never disappear, but it is scarcely noticeable, and is hidden by her clothing except when she wears short sleeves. For about a year her appearance was probably more or less embarrassing, due to the fact that her head had been shaved and that it took about this time for her hair to regain its normal length. The young lady remained in the hospital for sixteen days and received treatment at home about two weeks longer. Undoubtedly, her injuries were painful, and the fact that, for six days in the hospital, it was necessary to give her bromides to quiet her nerves indicates that she suffered considerably from shock.

We do not believe that any good purpose could be served by referring to other

cases in which awards have been made, as the injuries sustained here seem considerably different from any others to which our attention has been directed. We believe that an allowance of $2,500 for physical injuries, suffering from nervous shock, etc., should be ample.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $3,513, and, as thus amended, it is affirmed.