## BALSAMO v. HALL.

No. 16495.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1936.

Cabral, Lenfant & Villere, of New Orleans, for appellant.

Leo W. McCune, of Gretna, for appellee.

JANVIER, Judge.

This suit results from an intersectional automobile collision in the town of Kenner on the late afternoon of February 26, 1935, at about 5 o'clock. The automobiles involved were a Plymouth "coach" owned and driven by Peter S. Balsamo, who is plaintiff in his own behalf, as well as for the use and benefit of three of his minor children who were in his car at the time and received injuries, and a model "A" Ford "roadster" owned by defendant, Frank Hall, and driven at the time ,by his fifteen year old daughter, Dorothy Lou Hall.

The Balsamo car was on Duncan street, being driven towards Lake Pontchartrain away from the Mississippi river, and the Hall roadster was on Fourth street running in an "up-river" direction, so that, as the two vehicles neared the intersection— at which the streets crossed at right angles

—the Hall car approached from Balsamo's right.

Alleging that the accident resulted solely from the negligence of defendant's daughter Balsamo, in his own behalf, prays for judgment in the sum of $197.90, of which he alleges that $47.90 was the amount required to repair the damage sustained by his car, and $150, the remainder, medical charges made for the treatment of his three minor children. On behalf of his children he prays for judgment as follows: For the use and benefit of Vincent Balsamo for pain and suffering, $500; for the use and benefit of Raymond Balsamo for pain and suffering, $500; and for Anthony J. Balsamo for pain and suffering, $3,000, for permanent injuries, $5,000, and for permanent disfigurement, $5,000.

Defendant, admitting the occurrence of the accident, denies the seriousness of the injuries sustained and particularly denies that his minor daughter was in any way at fault, alleging that the young lady in question "made every effort to stop her said automobile just prior to said accident" and that she "had the said automobile under full control and was driving at a moderate rate of speed and was driving on what she believed to be a right-of-way street."

The answer contains no plea of contributory negligence nor allegation of fact which would permit of the introduction of evidence tending to show such contributory negligence on the part of Balsamo.

From a judgment dismissing the suit, plaintiff has appealed.

On many of the facts we find no substantial dispute nor disagreement. It is admitted that the Hall car, as it approached the intersection, was moving at a speed of between 15 and 20 miles an hour. The Balsamo car, as. it approached the intersection, was being driven at from 8 to 10 miles an hour, Balsamo having reduced the speed of his car from 15 miles an hour, at which rate it was running about a half block before it reached the intersection. The Balsamo car had almost completely crossed when it was struck on its right side, somewhat nearer to the rear than to the front. That it had almost completed the crossing is admitted by Miss Hall, who, referring to Balsamo, says: "He was about across the road, I think." She also stated that "the beginning of his car was just getting ready to go into the intersection," and, immediately after making the last-quoted statement, she conceded that what she meant was that

"the beginning of his car was just about to go into Duncan Street on the other side."

It is shown that the Ford knocked the Plymouth sideways, it being testified by defendant's witnesses, and not disputed, that it was knocked from the path on which it was traveling into the ditch adjacent to the roadway. The Hall car, after striking the Balsamo car and knocking it sideways, itself proceeded a few feet farther and then skidded, or slid, and stopped, with its front end pointing in a direction almost at right angles to that into which it had been traveling. Both Balsamo and Miss Hall state that Fourth street, on which the Hall car approached, is "recognized by the people in that vicinity as a right-of-way street over Duncan Street," Duncan street being the one on which Balsamo's car was driven. We find in the record no ordinance and no reference to an ordinance which gives to Fourth street any priority over Duncan street, but we do find that the general highway regulatory act, which is Act No. 21 of 1932, though it does not recognize any such "right-of-way" in favor of vehicles on Fourth street, does provide, in title 2, section 3, rule 11, paragraph (a), that: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way." ·

It follows, then, that though vehicles on Fourth street are not granted special preference over those on Duncan street, the Hall car, by reason of the direction from which it approached, would have been entitled to the right of way had the two vehicles arrived at the intersection at approximately the same time. The question of right of way is interesting only to the extent to which it bears on the question of whether Miss Hall was negligent, because, since there is no plea that Balsamo was himself contributorily negligent and since evidence which might have tended to show such negligence was at the proper time objected to, Balsamo's negligence in the matter of right of way, if he was negligent, is of no importance and defendant, if he can prevent recovery, can do so only by showing that Miss Hall was guilty of no negligence which had causal connection with the accident. It is well settled that a plea of contributory negligence is a special plea and must be specially made. Martin v. Toye Bros. Yellow Cab Co. et al. (La.App.) 162 So. 257; Id. (La.App.) 164 So. 175;

Chanson v. Morgan's L. & T. R. R. Co. et al., 18 La.App. 602, 136 So. 647; Stokes v. Big Chain Stores, Inc. (La.App.) 159 So. 125; Quatray v. Wicker, 16 La.App. 515, 134 So. 313–316; Kernstock v. City of New Orleans (La.App.) 147 So. 371–373; Giangrosso v. Schweitzer, 10 La.App. 777, 123 So. 127; Gauvereau v. Checker Cab Co., 14 La.App. 448, 131 So. 590.

But the evidence shows clearly that, as the Hall automobile entered the intersection at the speed of probably 20 miles per hour, the Balsamo car, at the slower speed of not more than 10 miles an hour, had already entered and had almost completely crossed. It follows that it had pre-empted the intersection and that no preferential right might be claimed. by Miss Hall, since it has been many times held that an ordinance or statute, which gives to one vehicle the right of way over another, ceases to have effect when the other vehicle, operated carefully and prudently, has already entered and pre-empted the intersection sufficiently in advance of the vehicle to which the law would otherwise have accorded the right of way to permit of the favored vehicle being slowed down or brought to a stop before the occurrence of an accident. Bethancourt v. Bayhi (La.App.) 141 So. 111; Simpson v. Pardue, 15 La. App. 341, 131 So. 854, 855; Fisher v. Levin, 16 La.App. 367, 134 So. 439.

It is true that, in each of the above-cited cases, there was involved a traffic ordinance of the city of New Orleans, which contained a provision to the effect that the right of way granted by the ordinance should not apply if the vehicle which was not accorded the right of way had entered the intersection a substantial time ahead of the other and had thereby pre-empted the said intersection, and it is true, too, that there is no such provision in the statute of the state which controls the situation which we are now considering. But, even without such a provision in the state statute, we cannot but construe it as meaning that, in order that a vehicle coming from the favored direction shall have the right of way, the two vehicles must arrive at the intersection at approximately the same time and that, if one arrives substantially ahead of the other, enters first, and almost completely crosses, the right of way which is referred to in the ordinance may no longer be claimed.

It is true that Miss Hall claims that the vehicles entered at about the same time,

but she also claims that, when she was some 35 feet or so away from the intersection, the Balsamo car was about the same distance away on the other street. It is obviously impossible that this could be true, for she concedes the relative speeds of the cars, and, if one was going at about twice the speed at which the other was being operated, it is certain, if they were the same distance away—35 feet back from the intersection—that the faster car would have crossed in advance of the slower one. When we consider the speeds at which the cars were approaching and that the slower vehicle, moving at half the speed of the other, almost completely crossed the intersection, we cannot but conclude that the faster vehicle entered the intersection substantially later than did the slower one.

It is strange that Balsamo did not see, or, at least, did not notice, the other car as he entered ahead of it, but this may be accounted for by the fact that he was so far ahead of it in reaching the crossing that, while he noticed it, he gave it no consideration as an element of possible danger. At any rate, his failure to see it is not charged as contributory negligence.

We conclude that the accident resulted from negligence on the part of Miss Hall and that the defendant, Frank Hall, is therefore liable for the resulting damage. R.C.C. art. 2318.

■ We find in the record considerable evidence concerning the location of the youngest of the Balsamo children at the time of the accident, defendant apparently attempting to show that the child was standing on the floor with his face pressed against the glass window on that side from which the Hall car approached. There is no plea that this constituted contributory negligence on the part of the child, or on the part of his father, who permitted him to stand in that position, but, even if there was such a plea, we would find it impossible to hold that his location had legal causal connection with the damage ultimately sustained by him. In Stout v. Lewis, 11 La. App. 503, 123 So. 346, we considered the question of whether or not a person riding on the running board of an automobile could be precluded from recovering by reason of the fact that he had carelessly placed himself in a position of danger and we held that, unless the position assumed by the person could be said to be responsible

for the injury, he could not be deprived of recovery.

This leaves for our consideration only the question of the amount to be awarded plaintiff in his own behalf and for the use and benefit of his three children.

■ So far as plaintiff in his individual capacity is concerned, his loss seems to be that which is set forth in the petition, to wit, $47.90 for damage to his automobile and $150 for medical expenses incurred for the treatment of his minor children.

■ The injuries of Vincent Balsamo, whose age was ten at the time, fortunately were not serious. They are described in the report of the hospital as lacerations of the forehead. He was not required to remain at the hospital. The scar will not be permanent. His physician testified that he treated him for about a month. The amount prayed for, $500, is excessive. Three hundred dollars is proper compensation for such suffering and injuries.

■ Raymond Balsamo was six years old at the time. His injuries are described as lacerations of the face. He also left the hospital very shortly after he had been taken there. His doctor states that he, too, was treated for about a month and that the pain was probably quite severe. We believe that $300 in his case, also, would be a proper award.

■ The youngest child, Anthony J. Balsamo, age two, received very severe injuries. They are described in the hospital report as lacerations of the lid of the left eye and multiple lacerations of the nose. He remained in the hospital from the date of the accident, to wit, February 26th, until he was "discharged in care of family doctor" on March 6th. The said doctor continued to treat him until August, a period of almost six months. It is shown that, while an operation was being performed on the child, he became so weak that he had to be removed to his room and the completion of the operation postponed. It was necessary to give him what is known as a "hypodermoclysis" at least three times. This consists of injecting in some instances a glucose, and in other instances a saline, solution beneath the skin. He apparently suffered great pain and it was necessary on several occasions that he be given sedatives.

Dr. Mellowitz, who treated the child, stated that the lacerations on his face will be

permanent and that, because of a cut on his left eye, he will never be able to completely close it; that as the result of shrinkage of the upper lid an opening of from one-eighth to a quarter of an inch in width will always remain.

There is no method by which we can determine exactly the extent of suffering of this young child, nor the sum which would compensate him for the permanent disfigurement which he must bear throughout his life.

We have examined various cases decided in this state involving scars and disfigurements, to wit: Byrd v. Gallman, 174 La. 268, 140 So. 44; Hyman v. Salzer Plumbing Co., 18 La.App. 188, 135 So. 703, 138 So. 132; Marquez v. LeBlanc et al. (La. App.) 143 So. 108, 109; Escalante v. Richard, 14 La.App. 580, 130 So. 567; Scott v. Checker Cab Co., 12 La.App. 598, 126 So. 241; Dyess v. Landry, 15 La.App. 403, 132 So. 242. None of them seems to us to do more than serve as a very indistinct and indefinite guide. Viewing the situation as a whole, considering his age, the fact that he is a boy and that, therefore, his personal appearance is not of such great importance as it would have been in the case of a young girl, we believe that an award of $1,000 for his suffering and $2,000 for his permanent disfigurement, would do substantial justice between the parties, taking into consideration all of the circumstances.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of Peter S. Balsamo and against Frank Hall, in the sum of $197.90, with legal interest from judicial demand; and it is further ordered that there be judgment against Frank Hall and in favor of Peter S. Balsamo, for the use and benefit of the minor, Vincent Balsamo, in the sum of $300, with legal interest from judicial demand; and that there be judgment against Frank Hall and in favor of Peter S. Balsamo, for the use and benefit of the minor, Raymond Balsamo, in the sum of $300, with legal interest from judicial demand; and that there be judgment against Frank Hall and in favor of Peter S. Balsamo, for the use and benefit of the minor, Anthony J. Balsamo, in the sum of $3,000, with legal interest from judicial demand.

Frank Hall to pay all costs.

Reversed.