## No. 3011

Second Circuit

## RICHEY v. BRASHER

*(Syllabus by the Editor)*

1. **Louisiana Digest — Automobiles — Par. 4 (b).**

One who drives into another street at an intersection is not negligent if the only vehicle visible on the street at the time is a truck about one-half a block away.

2. **Louisiana Digest — Automobiles — Par. 4 (a), 8.**

Where, although there was conflicting testimony, the preponderance of the evidence of the position of the automobiles and the marks on the street after the collision show conclusively that defendant was driving at an excessive rate of speed and that plaintiff was on the right side of the street when the collision occurred, the defendant was negligent and plaintiff was not negligent.

Appeal from the Ninth Judicial District Court of Louisiana, parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by S. L. Richey against Essex S. Brasher.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bruton T. Dawkins, William C. Roberts, of Alexandria, attorneys for plaintiff, appellee.

T. A. Carter, of Alexandria, attorney for defendant, appellant.

WEBB, J. This action was brought by the plaintiff, S. L. Richey, against the

defendant, Essex S. Brasher, to recover damages to an automobile owned by plaintiff, alleged to have resulted from the negligence of the driver of an automobile truck owned by defendant in driving the truck into collision with the automobile.

The defendant answered, denying any negligence on the part of the driver of the truck and alleged that the collision was due solely to the negligence of the plaintiff, and reconvened for damages to the truck.

On trial, judgment was rendered in favor of the plaintiff as prayed for, and defendant appeals.

The collision occurred in the city of Alexandria on Gould Avenue, which is approximately fifty feet in width, and runs east and west, at a point east of the intersection of Florence and Gould Avenues, where Bolton Avenue, which is approximately sixty feet in width, opens into Gould Avenue. The truck was being driven east on Gould Avenue by Jesse Pryor, a youth about seventeen years of age, and the automobile driven by plaintiff, a man of mature years, came into Gould Avenue from Bolton Avenue, turning to proceed west on Gould Avenue.

The plaintiff stated that when he came to Gould Avenue he was driving at a moderate rate of speed and that he observed the roadway and not noticing any vehicles thereon, except a truck to the west about half a block away, he drove from the right side of Bolton Avenue into Gould Avenue, and when he had reached a point about the center of the street he observed the truck, which he had previously noticed approaching from the west, coming at a very fast speed, and the driver not paying any attention to the roadway, and realizing the danger of a collision, he attempted to avoid the collision, without success; and the testimony of plaintiff's wife, who was riding in the automobile with him, was substantially to the same effect as to the speed of the automobile and the driver of the truck not paying any attention to the way; and plaintiff also offered evidence that the driver of the truck had immediately after the collision admitted that he was driving fast and not paying attention, and also evidence of the situation after the collision that the automobile at that time was within three or four feet of, and parallel with, the curb on the right-hand side (west) of Gould Avenue, and that the front of the truck was practically against the rear fender of the automobile, and also evidence as to the location of debris, or parts of the vehicles, broken at the time of the collision, and testimony as to marks made on the surface of the street by the tires of the vehicles, tending to show the location of the cars with reference to the center of the street at the time of the collision.

The defense was that the plaintiff had driven onto Gould Avenue at a rapid rate of speed and also "cutting the corner," or from the left side of Bolton Avenue, in violation of the traffic laws, and came upon Gould Avenue in such close proximity to the truck, which was on the right side of Gould Avenue, east, that the driver of the truck was unable to avoid the accident, and in support of the defense, the testimony of four witnesses, including the truck driver, who claimed to have seen the collision, was offered, as well as testimony tending to show that plaintiff had, when approaching Gould Avenue, driven at a fast speed, and also evidence of marks on the surface of the street and the position of articles thrown from the truck tending to show that the collision had occurred on the left side of Gould Avenue, west.

The defendant urges that the court erred in failing to give due credence to the four witnesses of the defendant who claimed to have seen the collision, especially in view of the contention that the physical facts, marks on the street, and position of articles thrown from the truck, at the time of the collision, show that the collision occurred on the left side of Gould Avenue, west.

The defendant does not pay much attention to the evidence of the plaintiff relative to the driver of the truck not being attentive to the way, a circumstance, if true, which of itself would be sufficient explanation of the accident, and warrant the judgment in favor of the plaintiff, unless it appeared that plaintiff had been negligent and that his negligence had contributed to the collision, and as we find that the evidence as to the claim that the driver of the truck was not paying attention to the roadway, is clearly in favor of the plaintiff, we are of the opinion that it clearly appears that the driver of the truck was negligent, and, considering that fact, it might be said that the only question further to be determined relates to whether or not the evidence shows that the plaintiff was negligent, and if so whether his negligence contributed to the collision.

The plaintiff's testimony shows that before driving onto the street he had observed the roadway, and that at that time the only vehicle on the street was a truck at a distance of a half a block, and we do not think that plaintiff's testimony shows that he was negligent in driving onto the street, as the distance which he would have had to traverse would not have been over twenty-five or thirty feet in order to clear the way for the truck, and the evidence of the defendant may be considered with the purpose of showing that plaintiff did not drive upon the street as he claimed.

Among the four witnesses called by defendant, who claimed to have seen the collision, was a brother of the driver of the truck, who claimed that he and his aunt were in an automobile parked at some point on Florence Avenue, and while he in a manner attempted to tell the speed of the cars and the positions as they approached the point of collision, on further examination he stated that he did not notice either of the cars until they ran together; and the testimony of another of the witnesses, who claimed to have seen the collision from where his car was parked at the northwest corner of the intersection of Gould and Florence Avenues, was of the same tenor, indicating that they had at least confused their impressions with the facts of which they had knowledge.

"Courts are unwilling to rest their judgments on the testimony of witnesses who are incapable of distinguishing between the facts which are within their knowledge and those whose existence, without such knowledge, they are willing to take for granted." Succession of King, 124 La. 805.

The driver of the truck stated that he was driving on the right side of Gould Avenue, east, at a speed of about twelve or fifteen miles per hour, and that when he arrived a short distance below the intersection of Florence and Gould Avenues, which was approximately thirty-five feet from the point where Bolton Avenue opened onto Gould Avenue, he applied his brakes in apprehension someone would "cut the corner" at Bolton Avenue, and that very soon thereafter the plaintiff's car came onto Gould Avenue "cutting the corner" at Bolton Avenue at a rapid rate of speed and in such close proximity to the truck that he was unable to avoid the collision.

The evidence shows that the left front wheel of the truck struck the automobile

on its right side at the running board just to the rear of the front fender and drove through the running board to the rear fender, indicating that the truck was being driven at considerable speed at the time of the collision, which should not have been the case if he had applied his brakes at the time he stated, but if the driver's testimony as to his actions was in conflict with the indications, he stated that the plaintiff had "cut the corner" at Bolton Avenue, and his testimony as to that was supported by that of his aunt, who was with her nephew in the automobile parked on Florence Avenue, and while there is some conflict between her testimony and the testimony of her nephew who was in the car with her, the conflict not being material, we may concede that the testimony of the driver of the truck and his aunt was in conflict with the testimony of the plaintiff as to the manner in which plaintiff drove onto the roadway.

The evidence, however, shows conclusively that the debris from the cars when they collided fell on the right of the center of Gould Avenue, west, and that the automobile of plaintiff was near the curb on that side of the street, and although there is great conflict in the testimony as to the location of the marks on the surface of the street, the preponderance of the evidence shows that most of the marks were beyond the center of the street from Bolton Avenue, and if there were any marks to the left of the center of the street, we are of the opinion that the evidence showing that the truck had been turned half-way around by the collision, would account for such marks, as well as for the articles which were in the truck being thrown to the left of the center of the street, and we find that the physical facts support the testimony of the plaintiff, showing that the collision occurred to the right of the center of the street, rather than to the left as claimed by defendant, which we think supports the testimony of the plaintiff and his wife as to the manner in which plaintiff drove onto the street, and warranted the judgment in plaintiff's favor, and it is therefore affirmed.