**No. 461**

**First Circuit**

———

**WORTHY v. PATE**

———

(June 10, 1929. Opinion and Decree.)

———

Chas. A. Holcombe, of Baton Rouge, attorney for plaintiff, appellee.

Breazeale and Sachse, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. Foster Worthy claims of Mrs. Johanna Pate, wife of Elvin Pate, $232.05 as damages caused in a collision between his own automobile, while being driven by himself, and that of Mrs. Pate, while being driven by her.

The collision occurred about 7:30 A. M. on April 9, 1928, at the intersection of Adams and Nebraska Streets, in the City of Baton Rouge.

The intersection is not within the incorporated limits of the City.

The plaintiff was in Adams Street going east. The defendant in Nebraska Street, going north.

The plaintiff alleges and testifies that as he came within about 15 or 20 feet of the intersection, driving at a rate of 12 or 15 miles an hour, he slowed down, sounded his horn, and then proceeded to cross the intersection first. That defendant was, at the time, coming toward the intersection, and only 15 or 20 feet distant from it, at the rate of 25 or 30 miles an hour.

Plaintiff's wife, in the car with him, supports her husband in his contention that he was the first to enter the intersection.

The defendant alleges and testifies that she entered the intersection first. That driving about 18 miles an hour she slowed down and sounded her horn as she came near the intersection, and then proceeded to cross. That an obstructing fence prevented her seeing west up Adams Street, the direction from which plaintiff was coming, until she got within about 2 feet of the intersection. But in another place she admits that she saw the plaintiff as he was coming down the hill.

We quote her testimony on cross-examination to show her contention as to why she did not stop:

"Q. You were too close to him to stop?
"A. He was too close to me to stop. It was his business to stop, because he hit me and I turned toward the Highland road, and he knocked me in the ditch, his car falling on top of mine.
"Q. Why couldn't you see him before you got to the intersection?
"A. There is a fence there.
"Q. You knew the fence was there as you approached the intersection?
"A. I know I had blowed and I seen him coming down the hill there. I didn't think he was coming down the hill that fast."

The defendant called a witness to support her contention that she was first to enter the intersection. The witness saw the occurrence, but he admitted on cross-examination that the plaintiff and another party had called on him soon after the collision to ask him about the facts, and he admits telling them that he did not see it. He offers explanations for his conduct, and makes further statements, but after consideration, we think his testimony an unsafe guide for our action.

The evidence shows that the plaintiff saw the defendant about the same time the defendant saw him, and both were at the time very close to the intersection. Each places the responsibility on the other, for not slowing down or stopping in order to avoid a collision, but neither did what each should have done, and the result was what both must necessarily have expected.

It was a case of mutual fault, and of disregard for precaution of their own safety, as well as that of the other. Each proceeded, voluntarily encountering a known, present and obvious danger, due to the oncoming course of the other, when there was no need of pursuing such a perilous course.

The collision was the direct result of the negligent fault and conduct of both. In such a case neither has a right to recover damages of the other.

The judgment for the plaintiff should have been rejected.

For the reasons stated the judgment appealed from herein is annulled, avoided and set aside, and the demand of the plaintiff rejected.

It is further ordered that each party, the appellant and the appellee pay half the cost in both Courts.