LANPHIER v. D'ANTONI

(January 13, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

442

Milner & Porteous, P. M. Milner, of New Orleans, attorneys for plaintiff, appellee.

F. T. Doule and J. C. Henriques, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This suit grows out of an automobile accident which happened on Sunday evening, November 29, 1925, at about six o'clock p. m., at the intersection of St. Charles avenue and Arabella Street in the city of New Orleans. Plaintiff claims $15,000 as damages for physical injuries which she suffered as a result of the accident. She was awarded a judgment for $1,500, and defendant has appealed.

The evidence indicates that, at the time of the accident, the plaintiff, Mrs. Lanphier, was walking across St. Charles avenue on the uptown river side of the Arabella street intersection, and going toward the neutral ground; that defendant was driving down the avenue at a speed of about 20 miles an hour and struck Mrs. Lanphier just as she had reached the neutral ground. Mrs. Lanphier testified that at the time she started to cross the intersection defendant's car was a full city block distant, or about two hundred feet. Defendant, who was driving his own car at the time, testified that he did not see Mrs. Lanphier until within five feet, or just before striking her. The trial judge concluded that defendant was at fault because of his failure to avoid the accident, the plaintiff being within his vision when there was ample time to stop his car before striking her, whether he saw her or not. In other words, the judge a quo held that the question of plaintiff's negligence as the sole, or in the alternative, the contributing cause of the accident, the

grounds upon which the case was defended was unimportant, since the last clear chance of avoiding the accident was with defendant. We are also of that opinion. See Gibbens v. N. O. Terminal Co., 159 La. 347, 105 So. 367.

Three of plaintiff's ribs were fractured and there were brush burns and contusions on her body. She remained in the hospital for a period of about one month, suffering considerable pain. We believe the amount awarded her was insufficient and, in view of the fact that an increase has been asked for in the answer to the appeal, we have concluded to increase the award to $2,000.

For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $1,500 to $2,000, and as thus amended it is affirmed.