SIMPSON v. PARDUE ET AL.

(January 19, 1931. Opinion and Decree.)

See, also, 130 So. 843, 15 La. App. 328.

B. J. Allen, of New Orleans, attorney for plaintiff, appellee.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J.   Plaintiff sues for compensation for damages to his Buick automobile caused by a collision with a Packard automobile owned by the defendant Sherman Pardue, and at the time of the accident driven by the defendant William Banker. He asks for judgment in solido against both defendants.

From a judgment as prayed for in the sum of $212, defendants have appealed.

The accident happened in the intersection of State and Freret streets at about 10:30 p. m., December 6, 1928. Plaintiff, driving his Buick in State street, approached Freret street from the direction of the Mississippi river. He stopped before entering the intersection, and having looked in both directions, proceeded across. After having almost succeeded in effecting the crossing, his car was struck in the rear right side by the Packard driven by the defendant Banker from the direction of Canal street.

Freret street is a right of way street under the traffic ordinance because of the street car lines thereon, and all vehicles are required to come to a full stop before crossing.   Article 1, section 1, Traffic Ordinance 7490, C. C. S.

Plaintiff contends that the accident was due to the excessive speed of defendant's car and his failure to avoid the accident, having the last clear chance.   Defendants' able counsel, with much elaboration in brief and argument, place the blame with plaintiff because of his alleged failure to respect the right of way accorded the Packard car under the traffic ordinance.

It is conceded, at any rate, clearly proven, that plaintiff stopped before entering the intersection, but, it is argued, he should not have started again when he did because he saw defendant's car in Freret street about seventy yards from State street—too close to prudently undertake the crossing. Besides, seventy yards was only an estimate, and the Packard may have been nearer.   Answering this argument, plaintiff explains his action in crossing the street when he did by saying that, when he saw the Packard, he assumed that it was traveling at a normal rate of speed, which would have permitted him to cross in safety.

The evidence clearly preponderates to the effect that the speed of the Packard car was excessive, and, according to the estimate of its driver, no proper lookout was maintained, because he says he did not see the plaintiff's Buick until within ten or fifteen feet of it.   No explanation of his failure to see the Buick sedan is given, but it is apparent that, if his headlights were in good order, and he was looking in the direction he was going, he would have seen it at a much greater distance, and, if his headlights were not good, he should have moderated his speed accordingly.   In driving too fast and in failing to look ahead, he was negligent.

Was plaintiff guilty of contributory negligence?   It is said that he should have waited for the Packard to have passed be-

cause it was traveling on the favored street, a street given an extraordinary right of way, as is evidenced from the provision in the traffic ordinance requiring vehicles to come to a full stop before attempting to cross. Plaintiff is said to have been contributorily negligent in failing to wait until the Packard had crossed the intersection, because he admits having seen it approaching at a distance, which he estimated to have been about 200 feet. It is argued that it was not sufficient to bring the car to a stop before entering the intersection. The rule that the automobile which first enters the intersection is entitled to proceed as announced in Vance v. Poree, 5 La. App. 109; Item Co. v. Checker Cab Co., 9 La. App. 397, 120 So. 509, and other cases, does not apply here, it is said, because the defendant enjoyed an extraordinary right of way. He had the right to assume that other vehicles would recognize that fact and to govern himself accordingly. Any other view, we are told, would destroy the right of way accorded him under the ordinance.

It must be conceded that the primary duty of avoiding the collision rested upon the plaintiff, since he was driving his car on the less favored street. He was required to keep a lookout for vehicles on the favored street. He should have had his car under control, and should have exercised more care and caution than the driver on the favored street. However, he was not required to wait before attempting to cross until there was no vehicle in sight on the favored or right of way street, and it was only necessary that it should appear that there was a reasonably safe opportunity to proceed. His action in crossing the intersection must be considered in the light of the surrounding circumstances, and, if the Packard, which was on the favored street, was at such a dis-

tance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision, he was justified in doing so. . The only evidence in the record on this point is that given by the plaintiff himself, who says that when he started across, the Packard was about 210 feet or 70 yards away. We realize that this statement is necessarily inaccurate, since it involves simply an estimate, and that by an interested witness, but, such as it is, it represents all of the testimony that we have on this point upon which to base our conclusion in this regard. As to the propriety of plaintiff's conduct, we are of the opinion that in attempting to cross under the circumstances prevailing he was not guilty of contributory negligence. Our conclusion is that the accident was solely due to the excessive speed of the Packard car and the failure of its driver to maintain a proper lookout. Lanphier v. D'Antoni, 14 La. App. 441, 131 So. 628.

As to the quantum which the trial court fixed at $212, the evidence is not as satisfactory as it might be. The mechanic who repaired plaintiff's car seems to have been confused in his testimony. However, we believe that, with the exception of a few items which do not appear to have been necessitated by the accident, amounting to $15.35, the plaintiff may be said to have reasonably established the extent of his damages.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the judgment awarded plaintiff from $212 to $196.65, and, as thus amended, it is affirmed; costs of this appeal to be borne by appellee and costs of lower court by appellant.