## FISHER v. LEVIN ET AL.

(May 11, 1931. Opinion and Decree.)

Thomas Tomeny, of New Orleans, attorney for plaintiff, appellee.

Eraste Vidrine and Gus Levy, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Recovery is sought by plaintiff of a sum sufficient to compensate him for the expenses he sustained in repairing his automobile which was damaged as the result of a collision with another car owned by Morris Levin, one of the defendants, and driven at the time, by the other defendant, Henry Johnson, acting within the scope of his employment as an employee of Levin.

Defendants deny that the cause of the accident was the negligence of defendant Johnson, and Levin, by reconventional demand, claims from Fisher, plaintiff in the main suit, the sum of $54, being the amount expended by Levin in repairing his car.

From a solidary judgment against the defendants for $125 on the main demand and dismissing the reconventional demand, defendants have appealed.

The scene of the accident was the intersection of Oak and Leonidas streets, and the time shortly before noon on a clear day. There is some dispute as to whether the streets were wet.

Plaintiff, driving his Nash sedan on Leonidas street, approached Oak street. He either stopped or came practically to a stop before entering the intersection, and, having looked in both directions, proceeded to cross. After the rear of his car had passed the center of Oak street, it was struck by the car owned by Levin and driven by Johnson, which car was proceeding up Oak street. Plaintiff's car was struck on the right side very near its rear end.

Since on Oak street there is a street car track, vehicles thereon are accorded the right of way by the city traffic ordinance. See article 1, section 1, Ordinance 7490, C. C. S.

Plaintiff maintains that the cause of the accident was the excessive speed at which the other car was being driven. Defendants' counsel place the blame on plaintiff, because of his alleged failure to respect the superior right of the car on the right of way street, contending that, since defendants' car was in plain view, plaintiff should not have attempted to negotiate the crossing ahead of it. Plaintiff counters with the assertion that he was justified in assuming that the other car was traveling at a normal and reasonable speed, and that, had it been so doing, he would have had ample time to cross ahead of it. As he himself puts it:

"I noticed the Chevrolet coming down about three-quarters of a block towards Carrollton Avenue, coming to me, and not knowing the speed he was coming, figuring it was plenty of time for me to get over the intersection at the rate of speed I was going, and not knowing the speed that this car was coming, figuring he was going within the law and I had plenty of time to get over—if he was traveling 20 miles and hour I had plenty of time to get over."

The evidence that the speed of defendant's car was excessive clearly preponderates, and, in this regard at least, Johnson, the driver thereof, was negligent.

It is said, however, that plaintiff was contributorily negligent, in that he did not wait for the other car to pass. As appears

from plaintiff's statement, as quoted, he saw the other car, but at the time it was a considerable distance away, it was coming towards him head-on, and he could not judge its speed. He was thus justified in assuming that it was operated at a normal speed, and since, from the point of view of a reasonable, careful driver, it appears to us that there was no apparent danger in crossing, plaintiff was not negligent in attempting to do so.

In a situation remarkably similar with which we dealt in the matter of Simpson v. Pardue and Banker, 15 La. App. 341, 131 So. 854, 855, we said:

"It must be conceded that the primary duty of avoiding the collision rested upon the plaintiff, since he was driving his car on the less favored street. He was required to keep a lookout for vehicles on the favored street. He should have had his car under control, and should have exercised more care and caution than the driver on the favored street. However, he was not required to wait before attempting to cross until there was no vehicle in sight on the favored or right of way street, and it was only necessary that it should appear that there was a reasonably safe opportunity to proceed. His action in crossing the intersection must be considered in the light of the surrounding circumstances, and, if the Packard, which was on the favored street, was at such a distance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision, he was justified in doing so."

Since the negligence of defendant Johnson was the proximate cause of the accident, and since plaintiff himself was not at fault, the judgment appealed from is affirmed.