## CUCCHIARA v. SIPLE.
### No. 1299.

Court of Appeal of Louisiana. First Circuit.
March 6, 1934.

S. S. Reid, of Amite, for appellant.

Rownd & Warner, of Hammond, for appellee.

MOUTON, Judge.

Church street runs east and west through the city of Hammond, Magnolia street, north and south. A collision occurred at the intersection of the two streets between a car driven by plaintiff and a car defendant was driving.

Alis, a colored boy, testifies that he was picked up by plaintiff one block west of the intersection where the collision occurred and was in plaintiff's car when the accident happened. He testifies that defendant's car struck plaintiff's car and that plaintiff could not "duck" defendant's car; and that they were struck on the left side of plaintiff's car.

The testimony of plaintiff is that defendant's car ran into his car from the left side.

Plaintiff's car, damaged in the collision, was repaired by McCurly, mechanic. He testifies that plaintiff's car was struck under the door and on the left side, and was not injured at all on the front end.

Defendant, Siple, testifies that he did not strike plaintiff's car but that "the two cars came together."

The testimony of plaintiff and Alis shows that defendant's car ran into plaintiff's car on the left side, and this evidence is corroborated by the mechanic who repaired the car. This testimony, corroborated as it is by the physical fact deduced from the examination of the car by the mechanic, prevails over that of defendant on this subject.

Starns and Hyde, two apparently disinterested witnesses, testified that immediately after the accident defendant had stated to them that there was so much fog on his windshield that he had not seen the other car "until he had hit it"; and that he was in the wrong or at fault.

This admission of defendant is not only that he was at fault, which it might be contended was merely an admission of law, but also of the fact that his windshield was blurred with fog which kept him from seeing the other car until he had struck it, thus maintaining his confession of negligence.

Defendant denies that he made such an admission, but admits, however, that he never saw the other car until the collision occurred; and, by saying he had failed to see the car until the impact, to that extent he confirms the testimony of Starns and Hyde that he had admitted not to have seen plaintiff's car before the happening of the accident.

Plaintiff says he was going at 15 miles an hour when he got at the intersection, which the evidence shows is the speed allowed autos under an ordinance of the city of Hammond.

Defendant testifies that plaintiff was going, when the collision occurred, at 45 miles an hour. He infers that it was moving at that speed from the fact, according to his testimony, that the plaintiff's car was invisible when he (defendant) entered the intersection.

As he admits in his testimony that sufficient moisture had gathered on his windshield to "make the visibility poor," and also that he had not seen the other car before the impact, the real cause of the invisibility of the car, when defendant entered the intersection, was due, we think, to the condition of his windshield and not to his estimated speed of 45 miles an hour at which, he says, plaintiff's car was traveling.

Counsel for defendant contends, however, that plaintiff was going at this excessive rate of speed, and that he was therefore at fault, thus precluding him from the recovery of damages. Counsel bases his contention on the testimony of Campbell, witness for defendant, and on the physical facts shown by wheel marks on the roadway and gashes on an oak tree on the east side of Magnolia street, left there as the result of the impact of plaintiff's car with the tree.

Campbell testifies that the brake marks began 40 feet west of the intersection, continued across Magnolia street to where the car stopped, a distance of 88 feet.

From these physical facts, counsel draws the inference that plaintiff was going at a tremendous rate of speed, and which, he contends, was the real cause of the collision.

It is shown by plaintiff and by the negro boy that the latter was picked up one block west of the intersection, and it seems incredible to us that at 40 feet from the western line of the intersection plaintiff would have accelerated his speed to such an extent as to have required the application of his brakes before entering the intersection. These marks must have been caused by the application of brakes of some other car, as there is nothing to indicate that plaintiff was going at any such speed.

Campbell says also that from his observation of the cars it was plaintiff's car which struck the defendant's car. This part of his testimony is clearly contradicted by the evidence of plaintiff, Alis, and McCurly, mechanic.

It is shown that plaintiff's car was turned over by the impact. When struck so suddenly and unexpectedly, it is extremely probable that plaintiff lost control of his car; that the shoving his car received from the other increased the momentum of his car, which dashed it against the oak tree, leaving the gashes to which counsel for defendant refers, caused, as we find from the evidence, by the negligent driving of the defendant, and to which plaintiff did not contribute.

Judgment affirmed.