## TOYE v. RICHMOND. *
### No. 15029.

Court of Appeal of Louisiana. Orleans.
Nov. 26, 1934.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Stanley McDermott and John C. Moulin, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit results from a collision between two automobiles in the intersection of General Pershing and Baronne streets. Miss Patricia Toye, plaintiff, was driving her Chevrolet sedan out General Pershing street in the direction of the Mississippi river and Lawrence Richmond, the defendant, was driving his Ford car up Baronne street in the direction of Carrollton avenue. There were no passengers in either car and, with the exception of the drivers, only one witness to the accident, James L. Champagne, who testified on behalf of plaintiff.

The negligence of Richmond is conceded by his counsel in argument at the bar and in his brief filed in this court. The only question we are called upon to decide is whether Miss Toye was contributorily negligent. The court a qua, in rendering judgment in plaintiff's favor for $1,343.76 for personal injuries which she sustained and the expense to which she was put as a result of the accident, decided this question in the negative.

Miss Toye is said to have been negligent in that she entered the intersection at an excessive and illegal rate of speed directly in the path of defendant's automobile.

The accident happened at about 4:30 p. m. during the afternoon of November 22, 1930, and, according to the testimony of the plaintiff, she approached the corner of General Pershing and Baronne streets at a speed of about 25 miles an hour and that, as she reached a point approximately 15 feet from Baronne street, she reduced her speed to 10 or 15 miles an hour, looked down Baronne street in the direction of the Ford car and saw it traveling very rapidly about 150 feet distant from the intersection. Believing that she could cross in safety, she entered the intersection and had almost completed the crossing, when the Ford crashed into the rear left fender of her Chevrolet with such force as to cause it to turn over in General Pershing street 10 or 15 feet beyond the intersection.

Champagne, plaintiff's witness, gives a different account of Miss Toye's handling of her car in an important particular. He says that both cars "must have been going around 30 miles an hour; I don't think less," and at

another point in his testimony that neither car "seemed to make any attempt to stop at the corner" and that Miss Toye "could not have been going at 15 or 20 miles an hour, but most likely about 30."

Plaintiff's counsel, answering the charges of contributory negligence, insists that Miss Toye slowed down at the intersection, but that if she did not, she had the right of way, because she was approaching the intersection from defendant's right, and, under subsection (c) of section 7 of article 1 of Ordinance No. 7490, C. C. S., she had the right of way, and that as she had traversed the intersection when her Chevrolet was struck in the rear, she was entitled to proceed, and the defendant's car was under the obligation of permitting her to pass, and finally that the case depends upon the credibility of the testimony, and, under numerous decisions of this court and of the Supreme Court, the conclusion of the trial court on a question of fact will not be disturbed unless manifestly erroneous. Counsel relies with confidence upon Fisher v. Levin, 16 La. App. 367, 134 So. 439; Betz v. Menville, 18 La. App. 359, 137 So. 773; Murphy v. Hartley (La. App.) 144 So. 785; Hamilton v. Lee (La. App.) 144 So. 249, and other authorities to the same effect.

In the cases cited the action of a motorist in entering an intersection notwithstanding the known presence of other cars on intersecting streets approaching at various rates of speed, sometimes with the right of way and sometimes otherwise, was held to be blameless; but in each of the cases the drivers, under the conditions prevailing, were considered to have acted with the degree of care and caution which an ordinarily prudent person would exercise under similar conditions. We have said, for example, that it is unnecessary for a driver to wait at an intersection until all crosswise traffic clears before attempting to cross (Simpson v. Pardue, 15 La. App. 341, 131 So. 854), and that a driver is not responsible for his failure to accurately estimate the speed of an on-coming car when circumstances are unfavorable to a determination of its speed. In such case he may assume that the approaching automobile is proceeding at a lawful rate of speed. Fisher v. Levin, supra.

Turning now to a consideration of Miss Toye's operation of her car just before the accident, we find as a fact that she entered the intersection of Baronne street with the speed of her car unchecked; that is to say, at approximately 30 miles per hour, and without proper observation of traffic conditions. This finding is in consonance with the testimony of Mr. Champagne, whose evidence we see no reason to doubt, and with the probabilities. The case, therefore, falls within the authority of Burthe v. Lee et al. (La. App.) 152 So. 100; Worthy v. Pate, 11 La. App. 39, 122 So. 727; Heath v. Baudin, 11 La. App. 40, 122 So. 726; Franz v. Shushan, 14 La. App. 465, 131 So. 591; Lagarde et ux. v. Liberty Shop, Ltd., 18 La. App. 573, 139 So. 67; and Thibodeaux v. Star Checker Cab Co. (La. App.) 143 So. 101.

Our conclusion is that the plaintiff was guilty of contributory negligence and that she cannot recover.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiff's suit.

Reversed.