### JOSEPH CHALONA CO. v. SMITH.
#### No. 14912.

Court of Appeal of Louisiana. Orleans.
Jan. 7, 1935.

Sanders, Baldwin, Haspel & Molony, of New Orleans, for appellant.

John J. Conners, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by the Joseph Chalona Company against Mrs. E. T. Smith, the proprietor of "Mother's Doughnut Shop," claiming $164.83 as damages alleged to have been sustained by its motortruck as the result of a collision with an Auburn automobile belonging to Mrs. Smith, which occurred on the 26th day of November, 1932, at the intersection of Canal and North Robertson streets, at about 6 a. m. Mrs. Smith reconvened and claimed $380 as damages which she alleged she suffered as a result of the collision.

There was judgment below dismissing plaintiff's suit and in favor of the defendant, plaintiff in reconvention, in the sum of $225, and plaintiff has appealed.

On behalf of plaintiff it is contended that the driver of the Auburn automobile was guilty of negligence in that he was driving his car without lights at an excessive rate of speed (fifty miles an hour) and entered the intersection after plaintiff's truck had practically completed the crossing.

The charges of negligence against the driver of plaintiff's truck are excessive speed, the failure to stop before entering Canal street in violation of the Traffic Ordinance No. 13,-702, C. C. S., which so requires, as well as the counter charge that the truck entered the intersection after the Auburn car had almost completed the crossing.

Canal street is a very wide thoroughfare separated by a neutral ground with a roadway on each side. It is a right of way street under the traffic ordinance and vehicles entering Canal street from intersecting streets are required to come to a stop before crossing. The question of whether the truck stopped on North Robertson street before entering Canal street is important. Emile Andry, the driver of the truck, Anatole Augustine, Jerome Joseph, and Henry Glapion, who were riding on the truck at the time, testified that the truck stopped. Robert Haughton, the driver of the Auburn car, and Messrs. George Gorman and John McCase, occupants of an automobile which was being driven just behind the Auburn automobile at the time of the accident, testified to the contrary. We cannot understand why Andry should have entered the intersection if he had stopped and seen the Auburn automobile approaching at whatever speed. He says he did not see the Auburn, because it had no lights, but whether it had its lights burning or not is not material, because we are convinced that there was sufficient daylight to have seen it. A number of witnesses saw it before the accident, and two of them were in an automobile following it. Mr. Wolkart, employed by the Coca-Cola Company as a shipping clerk at its plant near the scene of the accident, testified that it was daylight, and that the trucks of the Coca-Cola Company were being operated without lights at the time. If, therefore, Andry had looked, he must have seen the Auburn car. Seeing the Auburn car on the right of way street, if he stopped, as he says he did, he should have permitted it to cross. But we are satisfied that he did not stop. On the contrary, he drove on, either with or without looking, at a speed of about twenty-five miles an hour, and was, consequently, guilty of negligence. The record shows that the Auburn car was traveling at about the same speed as the truck, which, under the traffic ordinance, was not excessive. It had the right of way and its driver had a right to assume that the driver of the plaintiff's truck would stop. He cannot be charged with negligence unless the truck had entered the intersection and obstructed his path at a time when there was an opportunity for him to stop the Auburn and avoid the accident, which we do not find to be the case here. Downey v. Dittmer (La. App.) 151 So. 653; Mejheardt v. Reboul (La. App.) 158 So. 235, this day decided. We think the accident was due to the failure of the driver of plaintiff's truck to stop before entering Canal street, a wide boulevard, favored under the traffic ordinance as a right of way thoroughfare. We have in the past, on several occasions, held that a right of way is not a right of pre-emption, and that vehicles traveling on a favored street may not disregard the rights of other vehicles by undue insistence upon that right. Bethancourt v. Bayhi (La. App.) 141 So. 111; Fisher v. Levin, 16 La. App. 368, 134 So. 439; Richey v. Brasher, 7 La. App. 506; Simpson v. Pardue et al., 15 La. App. 341, 131 So. 854. However, when the law establishes a right of way in favor of a particular thoroughfare, it is not to be ignored, and, other things being equal, vehicles on the favored street are entitled to proceed and to rely upon vehicles traveling on intersecting and less favored streets to respect that right. Otherwise the

provisions of the traffic ordinance designating certain streets and thoroughfares as right of way streets would be meaningless.

The trial court allowed $175 as the cost of repairs to the Auburn car and $50 as the cost of hiring a substitute automobile during the time the repairs were being made. We believe the sum allowed for both items of damage to be correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.