## LOUVIERE et al. v. LUMBERMENS MUTUAL CAS. CO.
No. 13168.

United States Court of Appeals
Fifth Circuit.

March 9, 1951.

Calvin E. Hardin, Jr., Baton Rouge, La., Chas. E. Fernandez, Franklin, La., for appellant.

J. Elton Huckabay, Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This is a suit wherein damages were sought for wrongful death, [1] alleged to have been caused by the driver of a truck on which defendant carried liability insurance against negligence in and about its operation and movements. At the conclusion of the plaintiff's case, the trial court on motion directed the jury to return a verdict for the defendant.

The question presented is whether there is any substantial evidence of negligence which would have warranted submission of the case to the jury.

[1]. The action arose under Article 2315 of the Revised Civil Code of Louisiana.

The evidence reveals that on the afternoon of June 16, 1948, at about 4 p.m., one John Paul Boudreaux was driving a truck loaded with oyster shells in an easterly direction along Louisiana Highway No. 90 at a speed of approximately 40 miles per hour; that upon approaching the intersection of highway 90 and highway 28 in the Parish of St. Mary, Boudreaux reduced his speed to 35 miles per hour and turned into highway 28, after which he increased his speed to 40 miles per hour again; that located between the southeastern intersection of the two highways, and approximately 100 yards or more to the east of the intersection was a filling station; that as the truck approached the filling station the deceased, Otis Johnson Louviere,[2] came out from the filling station riding a motor bike; that the deceased rode the motor bike from the station along a gravel driveway some seventy feet to the place where the driveway intersected highway No. 28 at right angles and entered the highway without stopping or reducing speed; that the driver of the truck did not observe the deceased until the motor bike was on the shoulder of the highway and approximately fifty feet in front of the truck; that the bicycle did not stop and the driver of the truck, in an effort to avoid striking the deceased, threw the wheel of his truck to the left with such force that he dislodged some of the oyster shells and spilled them onto the highway; and that the motor bike struck the truck about the corner of the dump-body and Louviere was killed instantly.

Before trial plaintiff propounded to defendant fifty interrogatories, and at a pretrial conference and on motion of plaintiff defendant was required to answer more fully these interrogatories, after which the case was tried to a jury. At the trial plaintiff offered in evidence 10 photographs of the scene of the accident, as well as certain of the interrogatories and the answers thereto which were read to the jury.

We are of opinion the trial court properly directed a verdict for the defendant, for the reason there is no substantial evidence of negligence on the part of defendant's insured which would have justified submission of the case to the jury.[3] Cf. Hartford Fire Insurance Co. v. Romero, La. App., 5 So.2d 208; Anderson v. La. Power & Light Co., La.App., 180 So. 243; see also, Rule 11 (e) of Act 286 of the Legislature of Louisiana, 1938, LSA–RS 32:237, subd. E.

We find no merit in the contention that the accident happened in an unincorporated municipality where by statute the speed limit was 25 miles per hour, and that the approximately 35 or 40 mile per hour speed of the truck at the time of the accident was therefore negligence per se.[4]

2. Plaintiffs here are the widow and two children of the deceased. At the time of the death of their father, the two children were minors, and the mother had qualified as their tutrix, and brought this suit in that capacity as well as individually.

3. In this connection, the trial court observed:
"The Court: Applying common sense, and that is what the jury would have to do and the Court, too, from the man's evidence it is obvious the first time he saw the man fifty feet away, keeping in mind he could only travel fifty feet to the point where he was, it became apparent to him that the man, it was either still doubtful whether he was going to stop or not, or it became apparent he wasn't going to stop, and in either case he did what I think an ordinarily prudent man would do under the circumstances; the distance too short to stop and swerved his vehicle.
"You know my view usually is it is preferable to let these cases go to the jury and then reserve judgment on motions to direct. However, here I think that the evidence is much too tenuous to permit it to go to the jury.
"I know that it is a hard case. The courts have frequently said hard cases make bad law, and I think that this is a case where the Court should direct a verdict, because I am convinced without hearing the defendant's case and with giving the plaintiff's case the most favorable view possible, the Court would not let stand any verdict that might be brought in against the defendant in this case. I am going to direct a verdict."

4. On this point, the trial court stated:
"There is no evidence whatever that this happened at an unincorporated vil-

See Pettaway v. K.C.S. Drug Co., La.App., 166 So. 902; Tooke v. Muslow Oil Co., La.App., 183 So. 97. Here, the trial court found, and the evidence conclusively reveals that the scene of the accident was some distance removed from the community settlement of Gibson, Louisiana, and in open country where the speed limit for trucks was 40 miles per hour. Moreover, there is no evidence that the driver of the truck was traveling in excess of the authorized speed at the time of the accident.

We further find no merit in the argument that even though the deceased was guilty of contributory negligence, under Louisiana law the case should nevertheless have been submitted to the jury under the "last clear chance" doctrine. See Rottman v. Beverley, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195; 20 R.C.L., Section 16, page 141. Under the evidence presented, the doctrine is not here applicable. The trial court found and the evidence reveals that deceased created his own peril by driving his motor-bike onto the highway into the path of the truck in such manner as to make it practically impossible for the driver of the truck to avoid the accident.

The judgment is affirmed.

lage. The sign, I understood, was down the highway between the settlement and the service station, and the evidence is that it was in open country with only one building. Now, it isn't my understanding that merely because someone calls it a village that makes it so."