ELLIS, Judge.
On September 29th, 1949 at approximately 9:00 A.M. the plaintiff, Eddie Lewis, was driving a panel bodied Chevrolet truck owned by his employer eastwardly on Myrtle Street, also known as Railroad Avenue, in the City of Baton Rouge, and was accompanied by a co-employer, Luvilla Haynes Vaughn, when the truck in which they were riding collided with an automobile being driven southward on South Eleventh Street by the defendant, Edward V. Coull.
The plaintiff filed suit against defendant Coull and his liability insurer, Travelers Insurance Company. The Hartford Accident and Indemnity Company, the compensation insurance carrier, intervened asking for judgment for the amount it had expended as compensation to the plaintiff. The co-employer, Luvilla Haynes Vaughn, also filed suit.
Judgment was rendered in favor of the plaintiffs Eddie T. Lewis and Luvilla Haynes Vaughn, and the intervenor, Hartford Accident and Indemnity Company, however, the claim of Luvilla Haynes Vaughn was settled after judgment and no appeal taken. From the judgment in favor of plaintiff Eddie Lewis the defendants have prosecuted this appeal “predicated on the clear showing of contributory negligence on the part of the plaintiff-driver Eddie T. Lewis.” We are only concerned with this one question.
Railroad Avenue is a through street, designated as such by an ordinance of the City of Baton Rouge, and runs east and west with railroad tracks running down the approximate center of the street. It is forty feet in width from curb to curb with sidewalks and shoulders on each side. South Eleventh Street is an inferior street running north and south and 24' 2V in width, and at the time of the collision there were no stop signs at its entrance into Railroad Avenue, however, these signs were placed there subsequent to this accident and are shown in the photographs filed in evidence.
*80 The District Court found that both vehicles were proceeding at approximately the same speed prior to the accident of twenty to twenty-five miles per hour, and that the front end of the car driven by the defendant Coull struck the left rear fender of the panel bodied truck at approximately the center of South Eleventh Street and just south of the railroad track on Railroad Avenue, ‘‘causing the driver of the truck to lose control of it so that it went first in a southeasterly direction and hit the curb at the southeast corner of the intersection and then changed its direction, turned over, and went northeastwardly ending up some 80 feet from the intersection on the north side of Railroad Avenue.” The Lower Court further found that the plaintiff, just prior to the collision, speeded up in an effort to avoid it, and that the defendant Coull applied his 'brakes to avoid the collision. “The result was that the Plymouth struck the rear left fender of the truck a light blow.” The Lower Court further had this to say on the question of the • contributory negligence of the plaintiff :
“ * * * The law is well founded that a person approaching the intersection on a right of way street has a right to assume that traffic approaching it from an inferior street will yield the right of way to him. See Van Dyke v. Waguespack, La.App., 198 So. 425; Boykin v. Plauche, La.App., 168 So. 741, 169 So. 131; Anderson v. Louisiana Power and Light Company, La.App., 180 So. 243. The only exception to this rule is where the action of the driver approaching on an inferior street is such that it would cause a reasonably prudent person to have reason to believe that he was not going to stop because of his speed or some other action, but here it is shown that the defendant approached the intersection at a reasonable rate of speed. Furthermore, due to the trees at the intersection, at the northwest corner, it was not possible for Lewis to see the car approaching the intersection until just before defendant entered it.”
“The court is therefore of the opinion that the defendants have failed to prove that there was any negligence on the part of Lewis which was the proximate cause of this accident.”
While there are witnesses, apparently disinterested, who have testified that both cars were traveling at approximately the same speed of 15 to 20 miles per hour and arrived at the intersection at approximately the same time, this cannot be true for it is positively shown by the record that Railroad Avenue is 40 feet in width and that the point of impact was 2 feet south of and in the plaintiff’s lane of traffic. By a sketch introduced in evidence it is shown that the defendant Coull had traveled 26 feet out in this wide, open street, and yet the plaintiff testified that he did not see the defendant until he was approximately at the intersection and he then speeded up in an effort to pass in front of the defendant’s car. The evidence further reflects that the defendant approached Railroad Avenue traveling south on South Eleventh Street at approximately 15 to 20 miles per hour; that when he was some four or five feet back from, the intersection he looked to his left and then, at about the time he reached the intersection to his right and saw the truck which plaintiff was' driving coming at a rapid rate of speed which he estimated at 35 miles per hour, a distance of 100 to 125 feet away. He realized that he could not cross safely, whereupon he applied his brakes and he positively testified that his car was stopped at the moment of impact when the front end was approximately two feet south of the railroad track. He further testified that he was traveling in his west and proper lane of traffic on South Eleventh Street, allowing a normal distance to his east for traffic to pass going in the opposite direction. The District Court found that the accident occurred about the center of the intersection. Even if we accept this finding, Eddie Lewis had not traveled quite half as far as the defendant into the intersection even though the defendant had his brakes on most of the distance. From these facts alone, it was physically impossible for the cars to have reached the intersection at the same time. There is no doubt but that the defendant *81 reached the intersection first and had traversed, with his brakes on, most of the way or well over half of the intersection at the time of the collision. The plaintiff must have been traveling approximately twice as fast as the defendant. Another fact or circumstance which proves the excessive speed of the plaintiff is the fact that after the impact he continued in a southeasterly direction, struck the south curb, the truck turned over on its top, reversed its direction insofar as the front and rear ends were concerned, skidded on its top across this 40 foot street, righted itself upon its wheels and came to rest a distance of 80 feet from the point of collision. While it is shown that this truck had a governor that allowed it to travel 38 miles per hour, we are of the opinion that it was making the full 38 miles at the time of the collision.
As to the defendant being stopped at the time of the collision, we believe that he was completely stopped. He testified that the plaintiff veered his car to the southeast after speeding up in an attempt to get across the intersection in front of the defendant; that he sat in his car and saw the rear end of the truck strike the front of his hood, denting it in as shown by the photographs, and also striking the bumper guard on the left side breaking it off and pushing it toward the left. The blow was a light one and did not move the defendant’s car one inch. The plaintiff did pull toward the southeast because that is where he ran into the curb, struck it and turned over. If the defendant’s car had been moving forward it is reasonable to assume that there would have been more damage, not only to the defendant’s car but it would have knocked the rear end of the plaintiff’s truck to the south, which more than likely would have propelled the front end toward the north. Be this as it may, the car of the defendant was practically stopped because the record shows that it did not move one way or another after the actual impact. The damage was so light that the car was not repaired for quite some time but was driven with the dent in the hood and one bumper guard broken. Also, witness Melvin Phillips testified on behalf of the plaintiff that the defendant’s car stopped when it hit and did not go anywhere as its motor was killed.
We are of the opinion that the plaintiff, Eddie Lewis, was not keeping a proper lookout and is guilty of contributory negligence for this reason. The photographs introduced in evidence show this intersection and are conclusive proof that Eddie Lewis should have seen the defendant, not only in the 26 feet that he traveled the wide, open street in front of him, but should at, least have seen him a slightly greater distance back on South Eleventh Street that is taken up by the sidewalk and shoulder between the sidewalk and curb of Railroad Avenue. While these photographs reveal a small palm tree and two other trees with smaller trunks than the palm but with bigger tops, the tops of all trees are higher than an automobile and in reality offer very little obstruction to the view. We believe that Eddie Lewis was quite a distance up the street, as testified to by the defendant, when the latter arrived at the intersection, and there was no reason at that point why Eddie Lewis, the plaintiff, should not have seen the defendant, and if he had, he could easily have avoided the collision by applying his brakes and possibly coming to a complete stop or, at least, slowing the vehicle down so that he could easily have passed to the front of the defendant’s car. The point of impact was two feet south of the track, and from this track to the curb of Railroad Avenue is a distance of 16 feet 11 inches and, therefore, the plaintiff had 14 feet 11 inches in which to avoid this collision had he kept the proper lookout and had his car under proper control.
The learned judge of the District Court ■correctly stated the law quoted supra and cases which upheld the rule of law quoted, but the facts in those cases are easily distinguishable and different from the facts in this case. The District Court recognized the exception to the rule of law which he relied upon in those cases “where the action of the driver approaching on an inferior street is such that it would cause a reasonably prudent person to have a reason to believe that he was not going to stop because of his speed or some other action * *82 As we view the present case, it comes under the exception to the rule. The plaintiff had no right to act on an assumption when he was confronted with an actual peril and danger while he was a sufficient distance to have acted and avoided the collision. Had plaintiff been keeping a proper lookout and not traveling at an excessive rate of speed, under the circumstances he was hound to have seen the defendant crossing the intersection and realized the danger. While the question of defendant’s negligence is not before this court, there is no doubt but that the defendant was guilty of negligence. The plaintiff was unquestionably guilty of contributory negligence for he was traveling at approximately 30 to 35 miles per hour and was not keeping a proper lookout and was certainly guilty of negligence in not seeing the plaintiff before he testifies he did just as he entered the intersection.
The guest, Luvilla Haynes Vaughn, also1 testified that she saw the defendant’s car when it was about 7 or 8 feet north of the intersection. From the photographs and the evidence, she as well as Eddie Lewis should and could have seen this car equally as far bade from the intersection as the defendant Coull says he saw the truck.
The case of Stewart v. Keller, La.App., 36 So.2d 893, 896, is applicable and particularly the approved statement of the Lower Court in referring to the negligence of a motor vehicle on a favored street to the effect that: “ * * * the mere fact that he had the right of way afforded no excuse for going into a known visible and obvious danger. His negligence in my opinion consisted of doing this very thing.” Also, a case very much in point is Boullion v. Bonin, La.App., 2 So.2d 535, 539, in which the court stated:
“A re-consideration of the case convinces us that our decree awarding the plaintiffs damages in each case was correct, and we have reached the further conclusion that the liability of the defendants can also be based on the negligence of Bonin as the proximate cause of the accident, the negligence of Boullion being too remote to- be a contributing cause.
“As was stated in the original opinion, Boullion was more than two-thirds across the intersection of Sixth Street and Cush-ing Avenue when his truck was struck on its right side near the center by Bonin’s car. * * *
“Boullion was not driving over 20 miles per hour while Bonin was driving at least twice that fast. At the southern margin of the intersection, Cushing Avenue is 76 feet wide while Sixth Street on the western margin is only 37 feet wide. It can thus be seen that while Boullion was traveling almost entirely across this wide avenue for for some 60 or 65 feet, Bonin had traveled less than 25 feet in the intersection when the collision occurred. As Bonin was going at least twice as fast as Boullion, it is easy to. determine that Boullion was at least half way across the intersection when Bonin entered it. That is to say, Boullion had traveled some 40 feet or so into the intersection when Bonin entered it.
******
“Boullion was traversing the intersection which he had pre-empted at a lawful rate of speed. Bonin approached the intersection at an excessive rate of speed without keeping a proper lookout for Boul-lion, who was crossing the intersection right in front of him. As we found in the original opinion and as is practically admitted, Boullion was guilty of negligence in failing to slow down or stop before entering the intersection and in his failure to see Bonin coming down Cushing Avenue at an excessive rate of speed. But this negligence of Boullion was not the proximate cause of the accident as it was too remote to be a contributing factor to the accident. His negligence in this respect had become too remote in time and space to- be considered as active and continuous at the time the collision occurred.”
For the reasons given, the judgment is hereby reversed and the plaintiff’s suit as well as the intervention is hereby dismissed, plaintiff to pay his costs and the costs of the intervention to be paid by the intervenor.