GLADNEY, Judge.
Plaintiff’s action seeks recovery of damages for personal injuries and monetary loss, resulting from an automobile collision in Bossier City, about 1:30 o’clock A.M. on November 1, 1958. Made defendant is the liability insurer of an automobile involved in the accident and operated by Archie D. Wilson. St. Paul Mercury Indemnity Company, the defendant insurer, has appealed from an adverse judgment and plaintiff has answered the appeal to secure an increase of the award.
The material facts affecting liability have not been difficult to determine. The accident occurred in the 400 block of Hamilton Oil Mill Lane where it is entered by a 16 foot graveled alley. Hamilton Oil Mill Lane is an asphalt surfaced street of approximately 20 feet in width. It is governed by a 20 mile per hour speed limit. At the time under discussion the atmosphere was cold and clear and the street was dry. Archie D. Wilson, driving in a southerly direction, drove onto the surfaced portion of Hamilton Oil Mill Lane and brought his vehicle to a stop about four feet beyond the edge of the pavement. While in this position the car was struck by the automobile of the plaintiff, Darwin Ellis Goldsmith, who was proceeding westerly along the paved thoroughfare. Following the collision, tire marks made by the Goldsmith car indicate it skidded 63 feet before striking the left front portion of the Wilson automobile, and then careened into a post imbedded in concrete some 20 feet distant from the point of impact. As a result of the accident plaintiff sustained injuries, including a fractured rib, and he was immediately hospitalized.
Goldsmith testified that he was traveling at a speed of approximately 25 miles per hour when he observed the Wilson vehicle without its lights burning, about 15 feet ahead of him, and although he immediately took measures of avoidance he had no opportunity to prevent the collision. We cannot give credence to plaintiff’s statement that the Wilson car was without lights, which statement was denied by both Archie Wilson and his companion, Annie Hamley. Nor can we accept plaintiff’s testimony to the effect that he did not observe the other automobile until he had approached within 15 feet, for the contrary is proven by the skid marks which according to the investigating officer, Rob *799 ert Methvin, measured 21 yards prior to reaching the point of impact.
Counsel for appellant, although not expressly admitting the negligence of Wilson, has largely devoted his argument to the plea of contributory negligence, which charges that Goldsmith was driving at a speed greatly in excess of the legal limit of 20 miles per hour as fixed by the Bossier City traffic ordinance. The plea has merit for the evidence shows beyond peradventure that Goldsmith saw the Wilson car when approximately 100 feet distant from the point of impact and although he immediately applied his brakes, because of his excessive speed he could not avoid the collision.
We arrive at this conclusion for-asmuch as at a speed of 20 miles per hour — -the legal maximum limit — Goldsmith would have been able to bring his vehicle to a stop within 44.2 feet with allowance for reaction time and distance. After the brakes were applied and took effect the skidmarks indicate Goldsmith’s car moved 63 feet before its contact with the Wilson automobile and then continued some 20 feet beyond. Further, we may assume that if Goldsmith had been traveling at 30 miles per hour, with allowance for reaction time, he could have stopped within 83 feet. It should be clear, therefore, that when he came upon the Wilson car, plaintiff was driving in excess of 30 miles per hour, a speed greatly in excess of the legal limit fixed by the municipal traffic ordinance.
Appellant’s special plea of contributory negligence has been firmly established and plaintiff’s right of recovery is barred. Hanson v. Great American Indemnity Company et al., La.App. 2 Cir., 1947, 33 So.2d 549; H. & G. Furniture Co. et al. v. Duhon et al., La.App. 1 Cir., 1950, 46 So.2d 521; Lewis v. Travelers Insurance Company et al., La.App. 1 Cir., 1951, 55 So.2d 79; Gerrets v. Reed et al., La.App. 2 Cir., 1957, 99 So.2d 408.
Accordingly, the judgment from which appealed is annulled, set aside and reversed, and plaintiff’s demands are rejected at his cost.