SCHOTT, Judge.
Defendant has appealed from a judgment in favor of plaintiff as administrator of the estate of his nine year old son Lyle for $8500, and in favor of third-party defendants, rejecting defendant’s incidental demands for indemnity and contribution.
The case arose from an accident in which a bicycle operated by Lyle Landry was struck by an automobile driven by defendant’s minor son David. It occurred on a street twenty feet wide in a residential neighborhood when Lyle entered the street from behind a parked automobile in the path of David’s vehicle. David had been traveling from 10 to 20 miles per hour in excess of the speed limit of 20 miles per hour. David put on his brakes but could not avoid striking the child. Defendant contends that his son’s speed was not the proximate cause of the accident and, alternately, that Lyle was contributorily negligent barring recovery.
The record supports the trial court’s conclusion that had David been traveling within the speed limit he could have avoided the collision. The officer who investigated the accident found that David’s automobile left skid marks 102 feet long. He also found that the parked car, behind which Lyle emerged, was in the middle of the skid marks. Thus, the minimum distance David’s car could have skidded prior to impact was about 60 feet.
Plaintiff offered in evidence the chart showing braking distances for automobiles traveling at various speeds found at 1 *595 Blashfield, Automobile Law and Practice, § 33, p. 38, to which objection was made by defendant and maintained by the trial judge. The chart, before us on a proffer by plaintiff, contains a collection of manuals and authorities which show that an automobile traveling 20 miles per hour requires a braking distance to stop from twenty to thirty feet, well within the distance available to David Barreca for a stop had he been traveling within the speed limit.
In Moliere v. Liberty Mutual Insurance Company, 239 So.2d 477 (La.App. 4th Cir. 1970), this Court held that such a chart was admissible not as conclusive evidence of speed but as indicative of approximate speed. Similarly, we hold that the proffered chart was admissible under the circumstances of this case where, after giving defendant every benefit of the doubt, his son’s automobile could have stopped short of striking Lyle with much room to spare had he been proceeding at the allowed legal rate of speed.[1] We would afford little weight to such a chart if we were considering a matter of close distances of a few feet but no such problem exists in the instant case.[2]
It is clear from the foregoing that David’s failure to observe the speed limit was the sole proximate cause of the accident. We need not consider the plea of contributory negligence on Lyle’s part since this was not a proximate cause.
Defendant argues that the trial court award is excessive, and further alleges an inability to pay. Lyle Landry sustained a fractured femur, a fractured clavicle, lacerations and bruises. Five weeks of hospitalization were required. He spent an additional six weeks in a body cast. In view of the severity of his injuries the award of $8500 was not excessive. The evidence advanced in support of defendant’s inability to pay was before the trial court and was quite likely reflected in the size of the award granted. This Court finds no abuse of discretion on the part of the trial court under the circumstances.
The third-party demands for indemnity and contribution have no support under the evidence and defendant did not seriously urge these on appeal. No benefit would result from a discussion of these.
Accordingly, the judgment is affirmed' at defendant’s cost.
AFFIRMED.

. Other sources also demonstrate that David’s , available space of 60 feet was considerably more than would be required to stop at 20 miles per hour, e. g., the chart at 9 Blashfield’s Cyclopedia of Automobile Law and Practice, § 6237, p. 413 (18 feet for car with brakes in excellent condition), Yehicle Speed and Stopping Distance Computer published in 1968 by Lawyers and Judges Publishing Co., Inc. (20.5 feet for an automobile with average brakes). See also Goldsmith v. St. Paul Mercury Indemnity Company, 123 So.2d 797 (La.App. 2nd Cir. 1960) where it was said that a vehicle traveling 20 miles per hour would require 44.2 feet to stop, including reaction time.

. Compare Picard v. Joffrion, 202 So.2d 372 (La.App. 1st Cir. 1967) and Guidry v. Grain Dealers Mutual Insurance Company, 193 So.2d 873 (La.App. 1st Cir. 1967) which hold that such charts are not admissible independent of proof of accuracy. See discussion in XXIX La.L.R. 315.